ORIGINAL
FILED

2010 AUG 11  P 3: 31

[illegible]
CLERK [illegible] COURT
[illegible]

1  Fred W. Schwinn (SBN 225575)
   Raeon R. Roulston (SBN 255622)
2  CONSUMER LAW CENTER, INC.
   12 South First Street, Suite 1014
3  San Jose, California  95113-2418
   Telephone Number: (408) 294-6100
4  Facsimile Number: (408) 294-6190   **ADR**
   Email Address: fred.schwinn@sjconsumerlaw.com
5
6  O. Randolph Bragg (IL Bar No. 6221983)
   Craig M. Shapiro (IL Bar No. 6284475)
7  HORWITZ, HORWITZ & ASSOCIATES, LTD.   **E-filing**
   25 East Washington Street, Suite 900
8  Chicago, Illinois  60602-1716
   Telephone Number: (312) 372-8822
9  Facsimile Number: (312) 372-1673
   Email Address: rand@horwitzlaw.com
10
   Attorneys for Plaintiff
11 LONNIE LESS USHER

12              **IN THE UNITED STATES DISTRICT COURT**
13              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                **OAKLAND/SAN FRANCISCO DIVISION**
14
15 LONNIE LESS USHER, on behalf of himself    Case No.   **C V-1 0 - 0 3 5 3 6**   **LB**
   and all others similarly situated,
16                                            **CLASS ACTION COMPLAINT**
                          Plaintiffs,
17                                            **DEMAND FOR JURY TRIAL**
          v.
18                                            15 United States Code § 1692 *et seq.*
   MIDLAND CREDIT MANAGEMENT,                 California Civil Code § 1788 *et seq.*
19 INC., a Kansas corporation; and MIDLAND
   FUNDING, LLC, a Delaware limited liability
20 company,
21                         Defendants.
22
        Plaintiff, LONNIE LESS USHER, on behalf of himself and all others similarly situated
23
   (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those
24
   allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal
25
   knowledge), hereby makes the following allegations:
26
27                             **I.  INTRODUCTION**
28
        1.   This is a consumer class action brought pursuant to the Fair Debt Collection

                                    - 1 -
                            CLASS ACTION COMPLAINT

1  Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection

2  Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA"), which prohibit debt

3  collectors from engaging in abusive, deceptive and unfair practices. Plaintiff, LONNIE LESS USHER,

4  on behalf of himself and all persons similarly situated, seeks declaratory judgment and statutory

5

6  damages against Defendants, MIDLAND CREDIT MANAGEMENT, INC., and MIDLAND

7  FUNDING, LLC, arising from their routine practice of sending letters like the one sent to Mr. Usher

8  which threatened to disclose "nonpublic private information" to third parties in violation of the FDCPA

9  and the RFDCPA. See *Ruth v. Triumph Partnerships*, 577 F.3d 790, 801 (7th Cir. 2009).

10
                                              **II. JURISDICTION**
11

12       2.   Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and

13  15 U.S.C. §1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.

14  § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

15       3.   This action arises out of Defendants' violations of the Fair Debt Collection

16
   Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").
17

18                                              **III. VENUE**

19       4.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a

20  substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

21  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendant

22
   transacts business in this judicial district and the violations of the FDCPA complained of occurred in
23
   this judicial district.
24

25                                  **IV. INTRADISTRICT ASSIGNMENT**

26       5.   This lawsuit should be assigned to the Oakland/San Francisco Division of this

27  Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in

28

1  Alameda County.

2                              **V.  PARTIES**

3        6.    Plaintiff, LONNIE LESS USHER (hereinafter "Mr. Usher"), is a natural person

4
   residing in Alameda County, California.  At all times material hereto, Mr. Usher and each member of
5
   the class he seeks to represent are each a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a
6
7  "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

8        7.    Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "MCM"), is

9
   a Kansas corporation engaged in the business of collecting debts in this state with its principal place of
10
   business located at:  8875 Aero Drive, Suite 200, San Diego, California  92123.  MCM may be served
11
12 as follows: Midland Credit Management, Inc., c/o Corporation Service Company, 2730 Gateway Oaks

13 Drive, Suite 100, Sacramento, California  95833.  The principal purpose of MCM is the collection of

14 debts using the mails and telephone, and MCM regularly attempts to collect debts alleged to be due

15 another.  MCM is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code §

16
   1788.2(c).
17
18       8.    MCM routinely sends letters in the form of the letter sent to Mr. Usher, which

19 includes a Privacy Notice implying that it may share consumers' private information with third parties.

20       9.    Defendant, MIDLAND FUNDING, LLC (hereinafter "MIDLAND FUNDING"), is

21 a Delaware limited liability company engaged in the business of collecting debts in this state with its

22
   principal place of business located at:  8875 Aero Drive, Suite 200, San Diego, California  92123.
23
24 MIDLAND FUNDING may be served as follows: Midland Funding, LLC, c/o Corporation Service

25 Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California  95833. The principal purpose

26 of MIDLAND FUNDING is the collection of debts using the mails and telephone, and MIDLAND

27 FUNDING regularly attempts to collect debts alleged to be due another.  MIDLAND FUNDING is a

28

1 | "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

2 |       10.    MIDLAND FUNDING purchases consumer debt after it has fallen into default

3

4 | and engages MCM to send letters on its behalf in the form of the letter sent to Mr. Usher, which

5 | includes a Privacy Notice implying that it may share consumers' private information with third parties.

6 |       11.    Mr. Usher is informed and believes, and thereon alleges, that MIDLAND

7 | FUNDING is liable for the acts of MCM, because MIDLAND FUNDING engaged MCM to collect a

8 | consumer debt on its behalf and MIDLAND FUNDING directed the unlawful activities described

9

10 | herein. See *Martinez v. Albuquerque Collection Services, Inc.*, 867 F.Supp. 1495 (D. N.M. 1994) and

11 | *Police v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

12 |       12.    At all times herein mentioned, each of the Defendants was an officer, director,

13 | agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all

14 | said times, each Defendant was acting in the full course and scope of said office, directorship, agency,

15 | service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further

16 | qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

17

18 | ## VI.  FACTUAL ALLEGATIONS

19 |       13.    On a date or dates unknown to Mr. Usher, he incurred a financial obligation,

20 | namely a consumer credit account issued by HSBC Bank Nevada, N.A. (hereinafter "the debt"). The

21 | debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that

22

23 | term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil

24 | Code § 1788.2(f).

25 |       14.    Mr. Usher is informed and believes, and thereon alleges, that sometime thereafter

26 | on a date unknown to him, the debt was consigned, placed or otherwise transferred to Defendants for

27 | collection from Mr. Usher.

28

15.     Thereafter, MCM sent, or caused to be sent, on behalf of MIDLAND FUNDING, a four page collection letter (Exhibit "1") to Mr. Usher which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16.     The collection letter (Exhibit "1") is dated August 13, 2009.

17.     A true and accurate copy of the August 13, 2009, collection letter from MCM to Mr. Usher is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

18.     The collection letter (Exhibit "1") was the first letter sent by MCM to Mr. Usher regarding the debt originally due to HSBC Bank.

19.     The bottom of the front side of Exhibit "1" states in pertinent part: **"NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION."**   (Emphasis in the original).

20.     Exhibit "1" includes a section entitled **"PRIVACY NOTICE"** containing a statement that it may "disclose nonpublic personal information" with third parties as "permitted by law."

## VII.  DEFENDANTS' ROUTINE PRACTICES

21.     It is the routine practice of Defendants to send, or cause to be sent, letters in the form of Exhibit "1" which violate 15 U.S.C. §§ 1692c, 1692e, 1692e(5), 1692e(10) and Cal. Civil Code §1788.17.

22.     It is and was the policy and practice of MIDLAND FUNDING to purchase consumer accounts in default and to engage MCM, acting as its agent, to collect those alleged debts.

23.     It is and was the policy and practice of Defendants in their initial letter (Exhibit "1") to include a section entitled **"PRIVACY NOTICE"** containing a statement that it "may disclose nonpublic personal information" to third parties as "permitted by law."

CLASS ACTION COMPLAINT

1

## VIII. CLASS ALLEGATIONS

2

24.    This action is brought as a class action on behalf of a class defined as (i) all

3

persons with addresses in California (ii) to whom Defendants sent, or caused to be sent, a letter in the

4

5

form of Exhibit "1" containing a section entitled "PRIVACY NOTICE" (iii) in an attempt to collect an

6

alleged debt originally owed to HSBC Bank (iv) which was primarily for personal, family, or household

7

purposes (as shown by Defendants' records or the records of the original creditor), (v) which were not

8

returned undeliverable by the U.S. Post Office (vi) during the period one year prior to the date of filing

9

this action through the date of class certification.

10

25.    Based on Defendants' use of form letters, the class is so numerous that joinder of

11

12

all members is impractical.

13

26.    There are questions of law and fact common to the class, which common

14

questions predominate over any issues involving only individual class members. The principal question

15

of fact is whether Defendants' letter in the form of Exhibit "1" was sent to a California address. The

16

17

principal question of law is whether Defendants' letter in the form of Exhibit "1" violates 15 U.S.C. §§

18

1692c, 1692e, 1692e(5), 1692e(10) and/or Cal. Civil Code § 1788.17.

19

27.    Mr. Usher's claims are typical of the class members. All are based on the same

20

facts and legal theories.

21

28.    Mr. Usher will fairly and adequately represent the interests of the class members.

22

23

Mr. Usher has retained counsel experienced in class actions and debt collection abuse cases.

24

29.    A class action is superior to other available methods for the fair and efficient

25

adjudication of the controversy. Individual cases are not economically feasible.

26

30.    Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil

27

Procedure is appropriate in that:

28

1            a.    The questions of law or fact common to the members of the Class

2    predominate over any questions affecting only individual members; and

3            b.    A class action is superior to other available methods for the fair and efficient

4    adjudication of the controversy.

5    31.    Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil

6

7    Procedure is also appropriate.  Defendants have acted in a uniform manner toward the class, thereby

8    making injunctive and declaratory relief appropriate.

9    32.    Mr. Usher requests the Court to certify a hybrid class combining the elements of

10

11   Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

12   ### IX.  CLAIMS

13   **FAIR DEBT COLLECTION PRACTICES ACT**

14   33.    On behalf of himself and the classes he seeks to represent, Mr. Usher brings the

15   first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15

16   U.S.C. § 1692 *et seq.*

17

18   34.    Mr. Usher incorporates all preceding paragraphs in this Complaint as though fully

19   set forth herein.

20   35.    Mr. Usher is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

21   1692a(3).

22

23   36.    Defendant, MCM, is a "debt collector" as that term is defined by the FDCPA, 15

24   U.S.C. § 1692a(6).

25   37.    Defendant, MIDLAND FUNDING, is a "debt collector" as that term is defined by

26   the FDCPA, 15 U.S.C. § 1692a(6).

27   38.    The financial obligation alleged to be owed by Mr. Usher is a "debt" as that term

28

1    is defined by the FDCPA, 15 U.S.C. § 1692a(5).

2        39.    Defendants have violated the FDCPA.  The violations include, but are not limited

3    to, the following:

4
5            a.    Defendants sent Mr. Usher a letter in the form of Exhibit "1", which falsely,

6    deceptively and misleadingly misrepresents Mr. Usher's rights under 15 U.S.C. § 1692c, in

7    violation of 15 U.S.C. § 1692e and 1692e(10); and

8            b.    Defendants threatened to take action that cannot legally be taken or that is

9    not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

10       40.    Defendants' acts as described above were done intentionally with the purpose of

11
12   coercing Mr. Usher to pay the debt.

13       41.    As a result of Defendants' violations of the FDCPA, Mr. Usher is entitled to an

14   award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

15              **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

16       42.    On behalf of himself and the classes he seeks to represent, Mr. Usher brings the

17
18   first claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act

19   ("RFDCPA"), California Civil Code §§ 1788-1788.33.

20       43.    Mr. Usher incorporates all preceding paragraphs in this Complaint as though fully

21   set forth herein.

22       44.    Mr. Usher is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

23
24   1788.2(h).

25       45.    Defendant, MCM, is a "debt collector" as that term is defined by the RFDCPA,

26   Cal. Civil Code § 1788.2(c).

27       46.    Defendant, MIDLAND FUNDING, is a "debt collector" as that term is defined by

28

the RFDCPA, Cal. Civil Code § 1788.2(c).

47.     The financial obligation alleged to be owed by Mr. Usher is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

48.     Defendants have violated the RFDCPA.   The violations include, but are not limited to, the following:

a.      Defendants misrepresented Mr. Usher's right to the privacy of his "nonpublic personal information," in violation of Cal. Civil Code § 1788.17;[1] and

b.      Defendants threatened to take action that cannot legally be taken or that is not intended to be taken, in violation of Cal. Civil Code § 1788.17.[2]

49.     Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Mr. Usher to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

50.     As a result of Defendants' willful and knowing violations of the RFDCPA, Mr. Usher is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

51.     As a result of Defendants' violations of the RFDCPA, Mr. Usher is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[3]

52.     As a result of Defendants' violations of the RFDCPA, Mr. Usher is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[4]

53.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Mr. Usher

[1]  15 U.S.C. §§ 1692c, 1692e and 1692e(10).
[2]  15 U.S.C. § 1692e(5).
[3]  15 U.S.C.§ 1692k(a)(2)(A).
[4]  15 U.S.C.§ 1692k(a)(3).

may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Mr. Usher requests that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Certify this litigation to proceed as a class action;

c)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c, 1692e, 1692e(5) and 1692e(10);

d)  Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

e)  Award Plaintiff and the class members statutory damages in pursuant to 15 U.S.C. § 1692k(a)(2) and Cal. Civil Code § 1788.17;

f)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1788.17; and

g)  Award Plaintiff such other and further relief as may be just and proper.


ooOoo

1    CONSUMER LAW CENTER, INC.

2

3    By: /s/ Fred W. Schwinn
     Fred W. Schwinn (SBN 225575)
4    CONSUMER LAW CENTER, INC.
     12 South First Street, Suite 1014
5    San Jose, California 95113-2418
     Telephone Number: (408) 294-6100
6    Facsimile Number: (408) 294-6190
7    Email Address: fred.schwinn@sjconsumerlaw.com

8    O. Randolph Bragg (IL Bar No. 6221983)
     HORWITZ, HORWITZ & ASSOCIATES, LTD.
9    25 East Washington Street, Suite 900
     Chicago, Illinois 60602-1716
10   Telephone Number: (312) 372-8822
     Facsimile Number: (312) 372-1673
11   Email Address: rand@horwitzlaw.com
12
     Attorneys for Plaintiff
13   LONNIE LESS USHER

14

15

16   ## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

17       Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

18   parties, there is no such interest to report.

19
                                           /s/ Fred W. Schwinn
20                                         Fred W. Schwinn, Esq.

21

22

23   ## DEMAND FOR JURY TRIAL

24       PLEASE TAKE NOTICE that Plaintiff, LONNIE LESS USHER, hereby demands a trial by

25   jury of all triable issues of fact in the above-captioned case.

26
                                           /s/ Fred W. Schwinn
27                                         Fred W. Schwinn, Esq.

28


**mcm** Dept. 12421
PO Box 603
Oaks, PA 19456

| | 40% Discount Offer |
|---|---|



| MCM Account Number |
|---|
| **8531486693** |
| Original Creditor |
| **HSBC BANK NEVADA N.A.** |
| CURRENT BALANCE |
| **$1,341.68** |
| PAYMENT DUE DATE |
| **09-27-2009** |

08-13-2009

#BWNHLTH                    16067 - 1656
#0000 0853 1486 6931#
LONNIE L USHER
6716 MACARTHUR BLVD APT 5
OAKLAND, CA 94605-2166

Dear LONNIE USHER,

Midland Funding LLC has purchased your HSBC BANK NEVADA N.A. account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the new servicer of this obligation.

This could be GOOD NEWS for you. If you have been frustrated with other debt collectors you may have dealt with, you will be glad to know that MCM has a different way of doing things.

- **We will WORK WITH YOU to find a way to resolve this account.**
- **We will treat you with RESPECT AND COURTESY.**
- **We will help you find a way to ELIMINATE THIS DEBT ONCE AND FOR ALL.**
- **We will help you SAVE MONEY.**

We are offering you THREE payment options:

| PLAN 1: Settle In Full |
|---|
| Discount: 40% off |
| Payment Amount: $805.01 |
| Save: $536.67! |

| PLAN 2: Monthly Payments | PLAN 3: Monthly Payments |
|---|---|
| Discount: 25% off | Discount: 10% off |
| Monthly Payment Amount: $335.42 | Monthly Payment Amount: $241.50 |
| # of months: 3 | # of months: 5 |

Simply mail the Payment Coupon below along with your payment in the envelope provided. Please mail your payment by 09-20-2009 to be sure it reaches us by the due date of this offer, 09-27-2009.

If you aren't able to take advantage of these offers, please call an Account Manager at **(800) 825-8131**. We may have other options to help you resolve this account.

Sincerely,

Midland Credit Management, Inc.

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**
*Please tear off and return lower portion with payment in the envelope provided*

Sidebar:
- **No additional interest will be charged to your account.**
- **All collection calls and letters on this account will stop.**
- **You will get rid of this debt and get on with your life.**
- **We will notify the credit bureaus the debt is PAID IN FULL.**

Hours of Operation:
M-Th 6am - 7pm; Fri 6am - 5pm;
Sat 6am - Noon PST

**EXHIBIT**
**1**

---

**Payment Coupon**

MCM Account No.:    8531486693
Current Balance:    $1,341.68

**Payment Due Date: 09-27-2009**
Amount Enclosed: _____

Make check payable to:
Midland Credit Management, Inc.

**Payment Options:**
1) Mail in this coupon with your payment
2) Pay by phone (800) 825-8131

**mcm** Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

12 8531486693 1 0080501 092709 0

Important Disclosure Information

> Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

The records associated with the purchase from **HSBC BANK NEVADA N.A.** reflect that you are obligated on this account, which is in default with a Current Balance of **$1,341.68**. As the owner of this account, but subject to the rights described below, Midland Funding LLC is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.

If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.

If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Please remember, even if you make a payment within 30 days after receiving this notice, you still have the remainder of the 30 days to exercise the rights described above.

*No credit reporting will occur if the federal reporting period has expired.

-----------------------------------

Please send any correspondence relating to any credit reporting* of this account to:
MCM CREDIT REPORTING DEPARTMENT, 8875 Aero Drive, Suite 200, San Diego, CA 92123.
PLEASE RETAIN THIS ADDRESS FOR ANY ISSUES RELATING SOLELY TO THE CREDIT REPORTING OF YOUR ACCOUNT.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov.

Nonprofit credit counseling services may be available in the area.

Tal como lo establece la ley, se le notifica por este conducto que, de no cumplir usted con las obligaciones de crédito que ha contraído, podría ponerse el hecho en conocimiento de una agencia de información crediticia, lo cual se reflejaría negativamente en su expediente personal.

La ley estatal de California Rosenthal y la ley de Cobranza Imparical de Deudas (FDCPA) requieren que, salvo circunstancias excepcionales, cobradores no pueden hacer contacto con usted antes de las 8 de la mañana y después de las 9 de la noche. Ellos no pueden molestarle usando amenazas de violencia o de arresto o usando palabras obscenas. Los cobradores no pueden usar información falsa o engañosa o contactarle en su trabajo si ellos saben o tienen razón de saber que Ud. no puede recibir llamadas personales en el trabajo. Generalmente, los cobradores no pueden hablar con nadie, aparte de su abogado o su esposo/esposa, sobre su dueda. Los cobradores pueden hablar con otra persona para confirmar su dirección o hacer cumplir una sentencia. Para mas información sobre las actividades de cobranza, Ud. puede llamar gratis al 1-877-FTC-HELP (1-877-382-4357); o puede visitar www.ftc.gov.

# PRIVACY NOTICE

Midland Credit Management, Inc. ("MCM," also referenced below as *we, our,* and *us*) is delivering this Privacy Notice to you to generally describe the nonpublic personal and financial information we gather about you as the servicer of your account, and our privacy practices relating to such information and how those policies relate to the protection, use and disclosure of your *nonpublic personal information.* Please carefully read this Privacy Notice and Opt Out Notice.

| What Information Do We Collect? | To Whom Do We Disclose Information? |
|---|---|
| We collect nonpublic personal information about you from the following sources:<br>• Information we receive from you on applications or other forms. This information may include:<br>   o Your name<br>   o Address<br>   o Social security number<br>   o Telephone number<br>   o Other relevant information that you provide<br>• Information we receive about your account transactions with us, our affiliates, or others including the original creditor. This information may include:<br>   o Account balance<br>   o Payment history<br>   o Account activity<br>   o Other customer information<br>• Information we receive from consumer reporting agencies (such as credit scores and history) and other information relating to your creditworthiness | We may disclose nonpublic personal information about our current and former customers to the following types of third parties:<br>• Non-financial companies, such as direct marketers or retailers of consumer products and services<br>• Financial service providers, such as companies engaged in banking, consumer finance, debt purchasing and credit card issuance<br>• Others, such as our affiliated debt purchasers and our parent company<br>• The customer's spouse, if such disclosure is otherwise permitted by law<br><br>We may also disclose nonpublic personal information about our current and former customers to nonaffiliated third parties as required or permitted by law.<br><br>We may disclose all of the information that we collect about our current and former customers, as described to the left under 'What Information Do We Collect?', to companies that perform marketing services on our behalf or to other financial institutions with whom we have joint marketing agreements. |

## What Information Do We Disclose?
As permitted by law, we may disclose all information that we collect about you, as described above under 'What Information Do We Collect?'

**Information Security:** We restrict access to your nonpublic personal information by limiting the access to such information to those employees and contractors who need to know that information to service your account or provide services to you, by requiring companies working for us to protect your information and to agree to use it only to provide the services we ask these companies to perform, and by establishing password requirements and other procedural controls protecting your information from illegal use and disclosure. We maintain physical, electronic and procedural safeguards that comply with applicable laws and regulations to guard your nonpublic personal information.

| Vermont Residents: The following only applies if you are a resident of Vermont. | California Residents: The following only applies if you are a resident of California. |
|---|---|
| You do not need to return the Opt Out Response Form because:<br>• We will not disclose your nonpublic personal information to nonaffiliated third parties (other than as permitted by law).<br>• Unless otherwise permitted by law, we will not disclose the information that you provide to us or that we obtain from third parties (such as credit bureaus) to our affiliates.<br>• If we disclose information about you to nonaffiliated third parties with whom we have joint marketing agreements, we will disclose only your name, contact information and information about our transactions or experiences with you. | • You do not need to return the Opt Out Response Form because we will not disclose your nonpublic personal information to nonaffiliated third parties except as permitted by California law.<br>• We will not disclose your nonpublic personal information to nonaffiliated companies for purposes of jointly marketing financial products or services if you request us not to make this type of disclosure. See the form on the back of this Privacy Notice (entitled "*Important Privacy Choices for Consumers*") to request that we not make these types of disclosures. |

## OPT OUT NOTICE
If you prefer that we *not* disclose nonpublic personal information about you to nonaffiliated third parties, you may opt out of those disclosures, that is, *you may direct us not to make those disclosures (other than disclosures permitted by law).* If you wish to opt out of disclosures to nonaffiliated third parties (other than disclosures permitted by law), please detach and complete the Opt Out Response Form below and mail it to: **Privacy Notice, 8875 Aero Drive, Suite 200, San Diego, CA 92123.**

## Please Note the Following Additional Information About Your Rights:
• If you have multiple accounts with us, you must indicate your preference to opt out on each account. You will receive a separate Privacy Notice and Opt Out Notice for each account you have with us or our affiliates. You may exercise your right to opt out at any time.
• If you have a joint account, your election to opt out will apply to each person on the account.
• We may share information with third parties in accordance with the terms of this Privacy Notice, except where applicable law requires us to be more restrictive in our sharing.

✂-------------------To Opt Out, Detach and Mail to: Privacy Notice, 8875 Aero Drive, Suite 200, San Diego, CA 92123-------------------

### Opt Out Response Form

☐ **(check box)** Please do not disclose my nonpublic personal information with nonaffiliated third parties unless it is permitted by law.

(Please print)
Name:_____  Address:_____  E-mail Address_____

City:_____  State:_____  Zip:_____  Phone Number: (_____)_____-_____

MCM Account Number (Required to Process):_____

Important Privacy Choice for Consumers
(For use by California Residents Only)

**You have the right to control whether Midland Credit Management, Inc. and its subsidiaries ("MCM," also referenced below as we, our, and us) share some of your personal information.  Please read the following information carefully before you make your choice below.**

## Your Rights

You have the following rights to restrict the sharing of personal and financial information with outside companies that we do business with.  Nothing in this form prohibits the sharing of information necessary for us to follow the law, as permitted by law, or to give you the best service on your accounts with us.  This includes sending you information about some other products or services to the extent permitted by applicable law.

## Your Choice

**Restrict Information Sharing With Other Companies We Do Business With To Provide Financial Products and Services:** Unless you say "No," we may share personal and financial information about you with outside companies we contract with to provide financial products and services to you to the extent permitted by applicable law.

(_) NO, please do not share personal and financial information with outside companies you contract with to provide financial products and services.

---

## Time Sensitive Reply

You may make your privacy choice at any time.  Your choice marked here will remain unless you state otherwise.  However, if we do not hear from you we may share some of your information with other companies with whom we have contracts to provide products and services.

Name: _____

MCM Account Number(s): _____

Signature: _____

To exercise your choice, please do one of the following: (1) fill out, sign and return the completed form to us via toll-free facsimile at 1-800-306-4443, or (2) call us toll-free at 1-800-825-8131, extension 2980 (you may want to make a copy for your records).

FIRST-CLASS MAIL
PRESORTED
US POSTAGE
PAID
PSC

**mcm**

Dept. 12421
PO Box 603
Oaks, PA 19456

18087-1656

#BWNHLTH
#0000 0853 1486 6931#
LONNIE L USHER
6716 MACARTHUR BLVD APT 5
OAKLAND, CA 94605-2166

WELCOME

F-QSSP1 94605