DION N. COMINOS (SBN: 136522)
BRIAN P. MASCHLER (SBN: 111824)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants MIDLAND CREDIT MANAGEMENT, INC. a Kansas corporation; and MIDLAND FUNDING, LLC, a Delaware limited liability company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND/SAN FRANCISCO DIVISION

| | |
|---|---|
| LONNIE LESS USHER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; and MIDLAND FUNDING, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. CV 10-03536 LB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Date: December 14, 2010<br>Time: 1:00 p.m.<br>Judge: Hon. Saundra Brown Armstrong<br>Courtroom: 1, 4th floor |

Defendants, MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING, LLC (collectively, "Midland" or "Defendants"), submit the following Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Strike Affirmative Defenses.

## INTRODUCTION

Plaintiff's motion to strike affirmative defenses is meritless and dilatory. Each of Midland's affirmative defenses is self-explanatory and provides Plaintiff with fair notice of the defense being advanced. Each affirmative defense is closely tied to the allegations of Plaintiff's Complaint. Each "affirmatively states," in "short and plain terms," the particular defenses that Midland asserts, and thus meets the basic pleading requirements of Rule 8(c)(1) and Rule 8(b) (if applicable) of the Federal Rules of Civil Procedure. Indeed, many of these defenses offer greater particularity than the bare bones allegations of the Complaint.

Plaintiff argues that the "heightened" pleading standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937 (2009) should apply to affirmative defenses, noting, correctly, that no Circuit Court of Appeal has ruled on the issue.[1] However, Plaintiff fails to indicate how any of Midland's affirmative defenses purportedly fall short of the *Twombly/Iqbal* standard. Plaintiff does not even go to the trouble of calling out any particular affirmative defense by name or number, much less identify any legal or factual shortcomings in any of Midland's defenses. He does not address how any particular defense fails to put him on fair notice of its essential nature. Instead, he merely lumps together all of Midland's affirmative defenses, without regard to their content.

The reason for Plaintiff's all-too-perfunctory showing is clear: Midland's defenses are well-pled under Fed.R.Civ.P. 8, even if *Twombly/Iqbal* were applied. These defenses meet the pleading criteria articulated in the very cases cited by Plaintiff in his motion. Plaintiff is on full notice of and understands all of these plainly stated defenses. They should be resolved on their merits. His motion should be denied.

---

[1] As discussed below (at pp. 2-4), this Court has denied Rule 12(f) motions to strike affirmative defenses post -*Iqbal*, applying the longstanding "fair notice" standard on multiple occasions and declining to apply *Twombly/Iqbal*. Other courts have expressly rejected the application of *Twombly/Iqbal* to affirmative defenses.

## LEGAL ARGUMENT

**I.   APPLICABLE PLEADING STANDARDS.**

Subsection (c) is the provision of Fed. R. Civ. P. 8 that specifically addresses affirmative defenses. Rule 8(c)(1) provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance of affirmative defense," and lists examples of such defenses. Significantly, Plaintiff does not cite Rule 8(c) anywhere in his motion. He does not even cite Rule 8*(b)*, which applies to admissions and denials in a response to a pleading. Rather, Plaintiff relies on Rule 8(a)(2), which by its terms applies to "claims for relief." He argues that it "is not much to ask that" the "logic" of *Iqbal* be applied to Midland's affirmative defenses.

A number of courts have rejected attempts to eviscerate the distinctions between Rule 8(a) and Rule (c) and have ruled that the *Twombly/Iqbal* standard categorically does not apply to affirmative defenses. For example, in *Ameristar Fence Products v. Phoenix Fence Co.*, No. CV-10-299, 2010 U.S. Dist. LEXIS 81468 (D. Ariz. July 15, 2010), the court stated:

> The pleading of affirmative defenses is governed by *Rule 8(c)*. That rule requires only that a party "affirmatively *state* any avoidance or affirmative defense." *Fed. R. Civ. P. 8(c)(1)* (emphasis added). Nor does it include the "short and plain terms" language found in Rule 8(b). *Fed. R. Civ. P. 8(b)(1)(A)*: … The Court is of the view that the pleading standards enunciated in *Twombly* and *Ashcroft v. Iqbal* … have no application to affirmative defenses pled under *Rule 8(c)*.

*Id*. at **3-4 (Emphasis in original) (denying Rule 12(f) motion to strike). Just this month, the Southern District court, in denying a Rule 12(f) motion to strike the affirmative defense of unclean hands, also applied the plain language of Rule 8(c):

> Because BD has identified and affirmatively stated that it intends to assert an unclean hands defense, BD has met its pleading obligation under *Rule 8(c)*. Additionally, the Court cannot say that the defense asserted has no possible bearing on the subject of the litigation or that it fails to give Gen-Probe fair notice of the nature of the defense asserted.

*Gen-Probe Inc. v. Becton Dickinson and Co.*, No. 09 cv 2319, 2010 Dist LEXIS 115804, at **3-

4 (S.D. Cal. Nov. 1, 2010) (Emphasis in original).[2]

As Plaintiff acknowledges in his motion, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "A party may state as many separate… defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

As demonstrated below, Midland's affirmative defenses, so construed, and regardless of whether *Twombly* and *Iqbal* are factored in the Rule 12(f) analysis, are fairly and adequately pled.

## II. MOTIONS TO STRIKE AFFIRMATIVE DEFENSES ARE DISFAVORED.

Federal Rule of Civil Procedure 12(f) provides that upon timely motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "'[m]otions to strike are generally regarding with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.'" *Facebook, Inc. v. Power Ventures, Inc.*, No. C 08-05780 JW, 2010 U.S. Dist. LEXIS 93517, *46-47 (N.D. Cal. July 20, 2010), quoting *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003). *See also Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (motions to strike regarded with disfavor because they are often used as delaying tactics and because of the fundamental policy favoring resolution on the merits); *In Re UT Starcom, Inc. Securities Litigation*, No. C 04-04908 JW, 2010 U.S. Dist.

---

[2] *Accord McLemore v. Regions Bank*, Nos. 3:08-cv-0021, 3:08-cv-1003, 2010 U.S. Dist LEXIS 25785, 2010 WL 1010092, at *12 (M.D. Ten. Mar. 18, 2010) ("Unlike *subsections (a) and (b), subsection (c)* does not include any language requiring the party to state anything in 'short and plain' terms"); *First Nat'l Ins. Co. of Am v. Camps Servs., Ltd.*, No. 08-cv-12805, 2009 U.S. Dist. LEXIS 149, 2009 WL 22861, at *2 (E.D. Mich, Jan. 5, 2009) (*Twombly's* "analysis of the 'short and plain statement' requirement of *Rule 8(a)* is inapplicable to this motion under *Rule 8(c)*"); *Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09-973 2009 U.S. Dist. LEXIS 98699, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009) ("This court does not believe that *Twombly* is appropriately applied to either affirmative defenses under *[Rule] 8(c)*, or general defenses under *Rule 8(b)*, and declines to so extend the Supreme Court ruling[.]"); *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTB-BNB, 2010 U.S. Dist. LEXIS 29377, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010) (declining to apply *Twombly* and *Iqbal* to affirmative defenses in part because a defendant is given only 20 days to respond to a complaint and assert its affirmative defenses). *See also* Schwarzer, Tashima and Wagstaffe, California Practice Guide – Federal Civil Procedure Before Trial ¶ 9:382.5, p. 9-118 (commenting that the "*Twombly/Iqbal* standard is based on the Rule 8(a)(2) requirement that the complaint contain a 'claim showing that the pleader is entitled to relief,'[and] [n]o 'claim' or entitlement is involved with affirmative defenses.") (Emphasis in Treatise.)

3

LEXIS 48122, at *39 (N.D. Cal., May 12, 2010) (same; denying Rule 12 (f) motion to strike); *Gen-Probe, Inc. v. Becton Dickinson & Co.*, 2010 U.S. Dist. LEXIS 115804, at *3 (S.D. Cal., November 1, 2010) (same; denying Rule 12(f) motion); *In Re Zicam Cold Remedy Marketing, Sales Practices and Product Liability Litigation*, No. MDL 09-2096, 2010 U.S. Dist. LEXIS 93824, at *36-37 (D. Ariz. Aug. 5, 2010) (same; denying Rule 12(f) motion); *RDF Media Ltd. V. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 566 (C.D. Cal. 2005) (same). "Accordingly, such motions should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *Facebook, Inc. v. Power Ventures, Inc.*, 2010 U.S. Dist. LEXIS 93517, at *46. *Accord LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992) ("Motions to strike are disfavored and are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.")[3]

In accordance with Rule 8(e), "[w]hen considering a motion to strike, the Court 'must view the pleading in a light most favorable to the pleading party.'" *Facebook, Inc. v. Power Ventures, Inc.*, at *46, quoting *In Re 2TheMart.com, Inc., Securities Litig.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000); *Lazar v. TransUnion LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

### III. MIDLAND'S AFFIRMATIVE DEFENSES PLACE PLAINTIFF ON FAIR NOTICE OF THE NATURE OF THESE DEFENSES.

Applying these standards to the present case, Midland's affirmative defenses are adequately pled and should stand. As a threshold matter, Plaintiff's tactic of indiscriminately lumping together all of Midland's affirmative defenses and his failure to identify any additional facts he claims he needs to be on notice of the nature of those defenses, are grounds to deny his motion. So the court recently ruled in *In Re Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litg.*, No. MDL 09-2096, 2010 U.S. Dist. LEXIS 93824 (D. Ariz. August 6, 2010):

---

[3] *See also Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (cited by Plaintiff in his motion): "Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings. Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."

4

> We need not decide whether Iqbal applies to the pleading of affirmative defenses because even if it does, plaintiffs' argument is without merit. Plaintiffs have not explained what kinds of facts defendants could have provided that would have given plaintiffs notice of the nature of the misuse defense. While plaintiffs may question the merits of the defense, its nature seems apparent: defendants claim plaintiffs caused any injury they may have suffered by using Zicam incorrectly. At this stage, it is impossible for defendants to know how each plaintiff used the product, and plaintiffs have not stated what other facts could be relevant.

*Id.* at *39.

Here, Plaintiff also has failed to cite a single case in which a court granted a Rule 12(f) motion to strike <u>any</u> of the affirmative defenses that Midland has asserted. Plaintiff also does not attempt to articulate any "prejudice" that he would endure if Midland's defenses are permitted to stand as pled.

As noted above, affirmative defenses are properly pled where they give the plaintiff fair notice of their essential nature. A Rule 12(f) motion to strike should be denied unless the affirmative defense has no logical connection to or bearing on the controversy at issue and stands to prejudice the plaintiff. (*See*: cases cited at pp. 3-4, above). Thus, even if *Twomely/Iqbal* were to apply, a defendant need not, for example, submit a prolix brief, or plead evidence in support of its affirmative defenses in order to withstand scrutiny under Rule 12(f).

Midland's affirmative defenses amply meet these criteria. They are clearly stated; their essential nature is plain on their face. They are not "boilerplate"; rather, all of them bear directly on this controversy. The same scope of discovery implicated by Plaintiff's affirmative claims is thus implicated by Midland's affirmative defenses. There is no guesswork required by Plaintiff, and he cannot legitimately claim that he has not been put on fair notice with respect to all of Midland's affirmative defenses. He can easily garner additional facts through discovery. And if discovery were to reveal any substantive deficiency in any of these defenses, summary judgment, not a Rule 12(f) motion to strike, would be the more appropriate vehicle for resolution.[4]

---

[4] *See, e.g., Hernandez v. Balakian*, 2000 U.S. Dist. LEXIS 43680, at **3-4 (E.D. Cal. 2007) (citing *Wright & Miller*, Fed. Prac. & Proc., Civ.3d § 1381, pp. 421-25): "But even when the defense seems to present a purely legal question, federal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial."

Midland's First Affirmative Defense (failure to state a valid cause of action) and Second Affirmative Defense (Plaintiff's claims are barred by mandatory arbitration provisions) recently were upheld by this Court in denying a Rule 12(f) motion in *Operating Engineers' Pension Trust Fund v. Fife Rock Products Co.*, No. C 10-00697, 2010 U.S. Dist. LEXIS 70544 (N.D. Cal. June 30, 2010). With regard to the defense of "failure to state a claim," Judge Illston rejected the plaintiffs' claim that they had stated a valid cause of action for withdrawal liability and thus that that affirmative defense should be stricken, noting "[w]hile defendants have chosen to answer the complaint rather than move to dismiss the complaint for failure to state a claim, the Court cannot conclude, as a matter of law, that plaintiffs' claim for withdrawal liability is valid." *Id.* at *9. In denying the *Operating Engineers* plaintiffs' motion to strike the affirmative defense of the arbitration bar, Judge Illston rejected the argument that the defense had been "waived" because the defendants had not initiated arbitration. *Operating Engineers*, 2010 U.S. Dist. LEXIS 70544, at *9. The same reasoning applies to this case, and the same result -- denying Plaintiff's motion with respect to Midland's First and Second Affirmative Defenses -- should obtain.

Midland's Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Affirmative Defenses are defenses to Plaintiff's causes of action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("RFDCPA"). They speak directly to Plaintiff's specific allegations of purported wrongdoing. Plaintiff alleges in this case that a "Privacy Notice" contained in a letter that he allegedly received from Midland violated those two statutes. In these affirmative defenses, Midland contests whether valid causes of action are and may be stated under these two statutes based upon the facts as pled (Sixth and Seventh Affirmative Defense). It also asserts the defenses, which are commonplace in FDCPA litigation, that: Midland is not a debt collector (Fourth Affirmative Defense); the subject mailing does not constitute a "debt collection activity" (Fifth Affirmative Defense); any alleged misstatements in the subject "Privacy Notice" are not material and thus not actionable (Eighth Affirmative Defense); any alleged violation of the FDCPA or RFDCPA was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures

reasonably adopted to avoid such error (Ninth Affirmative Defense); Defendants did not in fact disclose any non-public information about Plaintiffs to third parties (thus obviating at least a potential basis for Plaintiff's contention that the subject Privacy Notice is defective) (Tenth Affirmative Defense); and the subject Privacy Notice was not false, deceptive or misleading (Eleventh Affirmative Defense). In its Twelfth Affirmative Defense, Midland alleges, in a plain and factual matter, that the claims of this action are barred due to the pendency of prior filed actions that encompass the same alleged privacy notice, causes of action, and putative class members. All of these defenses provide fair notice to Plaintiff.

In Midland's Thirteenth and Fourteenth Affirmative Defenses, it alleges that the claims in this action are moot because it has discontinued the Privacy Notice alleged in the Complaint. Again, there is nothing ambiguous or unclear about these defenses. Their import is obvious on their face.

Midland's Fifteenth through Twentieth Affirmative Defenses address the shortcomings of Plaintiff's class allegations and his anticipated motion to certify a class. These Affirmative Defense clearly are "logically connected" to Plaintiff's own class allegations. Midland acknowledges that Plaintiff bears the burden of proof and persuasion with respect to the requisite elements of a Rule 23 motion for class certification. However, Plaintiff cannot claim that any of Midland's affirmative defenses relating to the putative class or Plaintiff's future efforts to certify a class do not give him fair notice of these defenses' meaning or relevance.

In summary, Midland's affirmative defenses meet all of the applicable criteria for stating valid affirmative defenses -- whether or not the Court entertains a *Twombly/Iqbal* standard. Plaintiff's Rule 12(f) motion thus should be denied.

### IV. IF PLAINTIFF'S MOTION TO STRIKE IS GRANTED WITH RESPECT TO ANY OF MIDLAND'S AFFIRMATIVE DEFENSES, MIDLAND SHOULD BE ALLOWED LEAVE TO AMEND THEM.

If the Court determines that any of Midland's affirmative defenses is subject to a strike order, Midland should be given an opportunity to amend its Answer. In keeping with the standard of construing pleadings set forth in Rule 8(e), the Federal Rules also provide that leave to amend pleadings shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). *See*

*Gompper v. Visx, Inc.* 298 F.3d 893, 898 (9th Cir. 2002) ("Dismissal without leave to amend is improper unless it is clear … that the [pleading] could not saved by any amendment."); *Qarbon.com Inc. v. eHelp Corp.*, 315 F.2d 1046, 1053 (N.D. Cal. 2004) (granting leave to amend in Rule 12(f) order) (cited by Plaintiff). Moreover, in the event that the Court strikes a defense that relates to an element of Plaintiff's claims, Midland respectfully requests that the Court confirm that Midland may still challenge each and every element of Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Defendants' Affirmative Defenses should be denied in its entirety.

Dated: November 22, 2010

Respectfully submitted,

GORDON & REES LLP

By: /s/ Brian P. Maschler
BRIAN P. MASCHLER
Attorneys for Defendants MIDLAND CREDIT MANAGEMENT, INC. a Kansas corporation; and MIDLAND FUNDING, LLC, a Delaware limited liability company