Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983) (Pro Hac Vice)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois  60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
LONNIE LESS USHER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| LONNIE LESS USHER, on behalf of himself and all others similarly situated,<br><br>                              Plaintiffs,<br><br>        v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; and MIDLAND FUNDING, LLC, a Delaware limited liability company,<br><br>                              Defendants. | Case No. CV10-03536-SBA-LB<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>**[Fed. R. Civ. P. 12(f)]**<br><br>Date:        December 14, 2010<br>Time:        1:00 p.m.<br>Judge:       Honorable Saundra Brown Armstrong<br>Courtroom:   1, 4th Floor<br>Place:       1301 Clay Street Oakland, California |

COMES NOW Plaintiff, LONNIE LESS USHER (hereinafter "USHER" or "Plaintiff"), by and through his attorney Fred W. Schwinn of the Consumer Law Center, Inc., and hereby submits his <u>Reply Memorandum of Points and Authorities in Support of Motion to Strike Affirmative Defenses</u>.

1

## POINTS AND AUTHORITIES

2

### A. Introduction

3

Defendants, MIDLAND CREDIT MANAGMENT, INC. and MIDLAND FUNDING, LLC

4

(hereinafter collectively referred to as "MIDLAND" or "Defendants"), offer little, if any support for

5

their insufficiently pled affirmative defenses. Indeed, the crux of MIDLAND's argument appears to be

6

attacking the applicability of the *Twombly*/*Iqbal* standard to affirmative defenses. Although

7

MIDLAND makes cursory assertions that their defenses are "well-pled under Fed. R. Civ. P. 8, even if

8

*Twombly*/*Iqbal* were applied,"[1] they fail to overcome their burden to support these assertions with

9

application of law to facts.[2] If all MIDLAND can rely on to oppose Plaintiff's Motion to Strike is the

10

inapplicability of *Twombly*/*Iqbal* to affirmative defenses, then Defendants are on very shaky ground

11

12

indeed.

13

### B. The Holdings of *Twombly* and *Iqbal* Apply to Affirmative Defenses

14

After the Supreme Court altered the landscape for 12(b)(6) requirements in *Bell Atlantic Corp.*

15

*v. Twombly*[3] and *Ashcroft v. Iqbal*,[4] the majority of courts to address the issue have concluded that the

16

heightened pleading standards for claims for relief crafted in *Twombly* and *Iqbal* apply just as strictly to

17

affirmative defenses.[5] To survive a Rule 12(f) motion, then, an affirmative defense cannot simply be

18

19

conclusory and devoid of facts; rather, it must set forth a factual basis, and cannot merely suggest that

20

the defense may possibly bear upon the case.[6] Here, all of Defendants' affirmative defenses fall well

21

below this bar.

22

23

---

24

[1] Memorandum of Points and Authorities in Opposition to Motion to Strike Affirmative Defenses (hereinafter "Opposition") at 1.

[2] *See CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538 (N.D. Cal. Oct. 26, 2009) (Alsup, J.) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended.").

25

[3] 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

26

[4] ___ U.S. ___; 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009).

27

[5] See, *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009) (collecting district-court cases from the Second, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits reaching this conclusion).

28

[6] *Id.* at 650; see also, *Tracy v. NVR, Inc.*, 2009 U.S. Dist. LEXIS 90778 (W.D.N.Y. Sept. 30, 2009) ("Indeed, the *Twombly* plausibility standard applies with equal force to a motion to strike an affirmative defense under Rule 12(f).").

---

REPLY MEMORANDUM OF POINTS AND AUTHORITIES          Case No. CV10-00993-TEH-MEJ

While a minority of cases have concluded that *Twombly* and *Iqbal* do not apply to affirmative defenses, the *Hayne* court succinctly addresses this point in adopting the prevailing view:

> It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case. Moreover, FED. R. CIV. P. 8 is consistent in at least inferring that the pleading requirements for affirmative defenses are essentially the same as for claims for relief. . . . Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply.[7]

In this post-*Iqbal* world, the days of defendants simply trotting out the same affirmative defenses, case after case without any factual support whatsoever, appear to be over.

**1.  Assertion of Defendants that *Twombly*/*Iqbal* does not apply is without merit.**

Defendants note that a "number of courts" have "ruled that the *Twombly*/*Iqbal* standard categorically does not apply to affirmative defenses."[8]  However, it is curious that the case Defendants choose to cite first is a case where the discussion of *Twombly*/*Iqbal* occurred only in dicta. In *Ameristar Fence Products v. Phoenix Fence Co.*,[9] the court held plaintiffs' Motion to Strike Affirmative Defenses to be moot, "given that an amended complaint will be filed."[10]  Regardless, the court went on to "give the parties some guidance."[11]  This dicta is hardly compelling authority for Defendants' position.

On the other hand, this very Court has recently reviewed the applicable case law and found *Twombly*/*Iqbal* to be adopted by a vast majority of courts for the purpose of heightened pleading standards in pleading affirmative defenses. "While neither the Ninth Circuit nor any other Circuit

---

[7]  *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. at 650.  *See also Racick v. Dominion Law Assocs.*, --- F.R.D. ----, 2010 U.S. Dist. LEXIS 107105 at *10 (E.D.N.C. Oct. 6, 2010) ("The majority of the district courts-including every district court within the Fourth Circuit to have considered the issue-have concluded that the plausibility standard articulated in *Twombly* and *Iqbal* applies to the pleading of affirmative defenses.").
[8]  Opposition at 2 (emphasis from original).
[9]  2010 U.S. Dist. LEXIS 81468 (D. Ariz. July 15, 2010).
[10]  *Id.* at *2.
[11]  *Id.* at *2.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES          Case No. CV10-00993-TEH-MEJ

Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses.  Only a few district courts have reached the contrary conclusion."[12]

Furthermore, even in other districts, the tide seems to be turning and courts are adopting the *Twombly/Iqbal* standard for pleading of affirmative defenses.  In a FDCPA case decided last month, a district court held that it would adopt the same procedures that a majority of the courts in its district had already adopted.  "This court, however, agrees with the district courts within the Fourth Circuit that have considered the question and concludes that 'the considerations of fairness, common sense and litigation efficiency underlying *Twombly* and *Iqbal*' mandate that the same pleading requirements apply equally to complaints and affirmative defenses."[13]   If the applicability of the *Twombly/Iqbal* standard to affirmative defenses is in doubt, clearly the trend is to extend *Twombly*'s heightened pleading standard.

### 2.  The policies of *Twombly/Iqbal* and Rule 12 support the Plaintiff

As one court has aptly put it, "[a]pplying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply."[14]

While Rule 12(f) motions may sometimes be disfavored as dilatory, they are appropriately granted where a party asserts "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense."[15]   Matters are appropriately stricken if they are "not

---

[12]  *Barnes v. AT&T Pension Benefit Plan*, 2010 U.S. Dist. LEXIS 62515 at *10-13 (N.D. Cal. June 21, 2010) (Patel, J.) (internal citations omitted).
[13]  *Racick v. Dominion Law Assocs.*, --- F.R.D. ----, 2010 U.S. Dist. LEXIS 107105 at *15 (E.D.N.C. Oct. 6, 2010), *quoting Francisco v. Verizon South Inc.*, 2010 U.S. Dist. LEXIS 77083 (E.D. Va. July 29, 2010).
[14]  *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009).
[15]  *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (*quoting* 5A A. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380, 665 (2d ed. 1990)).

---

REPLY MEMORANDUM OF POINTS AND AUTHORITIES          Case No. CV10-00993-TEH-MEJ

properly supported by the facts alleged in the pleading."[16]  Similarly, the Court should strike a defense "that is clearly insufficient as a matter of law."[17]

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true."[18]   In contrast, denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses.[19]

Since Federal Rule of Civil Procedure 8(c) governs the pleading of affirmative defenses, plaintiffs are entitled to fair notice of each defense and the grounds supporting it.[20]  With that requirement in mind, courts evaluate a Rule 12(f) motion to strike against the same standard as a Rule 12(b)(6) motion to dismiss.[21]

## C.  Defendants Fail to Adequately Support Their Opposition

Other than the argument that the *Twombly/Iqbal* standard does not apply to affirmative defenses, Defendants make two main arguments in their Opposition.  First, Defendants argue that motions to strike affirmative defenses are disfavored.  To support this assertion, Defendants cite to *Facebook, Inc. v. Power Ventures, Inc.*[22]  Although the Court there did note that "[m]otions to strike are generally regarded with disfavor," the Court had previously struck defendants' affirmative defenses because they

---

[16]  *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 950 (W.D.N.C. 2000); *Schecter v. Comptroller of City of N.Y.*, 79 F.3d 265, 270 (2d Cir. 1996) (striking affirmative defense and noting that "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy").

[17]  *Hanzlik v. Birach*, 2009 U.S. Dist. LEXIS 63091 (E.D. Va. July 14, 2009), *citing Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 949 (W.D.N.C. 2000); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007);  *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

[18]  *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987), citing *Gomez v. Toledo*, 446 U.S. 635, 640-641 (1980).

[19]  *Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 7, 2009).

[20]  *Grunley Walsh U.S., LLC v. Raap*, 2009 U.S. Dist. LEXIS 38609 (E.D. Va. May 6, 2009), *citing* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1274 (3d ed. 2004).

[21]  *Solvent Chem. Co. ICC Indus., Inc. v. E.I. Dupont De Nemours & Co.*, 242 F. Supp. 2d 196, 212 (W.D.N.Y. 2002) ("The standard for striking an affirmative defense is the mirror image of the standard for considering whether to dismiss for failure to state a claim.").

[22]  2010 U.S. Dist. Lexis 93517 (N.D. Cal. July 20, 2010) (Ware, J.) (emphasis added).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES      Case No. CV10-00993-TEH-MEJ

"contain[ed] no factual allegations."[23]   Plaintiff argues that a more appropriate case would be *CTF Dev., Inc. v. Penta Hospitality, LLC*.[24]   There, in ruling on a 12(f) Motion, this Court held that although motions to strike are generally disfavored, this "lenient rule" applies only to affirmative defenses that are sufficiently pled.   "[I]t is inapplicable to affirmative defenses that are mere statements of legal conclusions with no supporting facts."[25]   Clearly, even if motions to strike are generally regarded with disfavor, courts have not become constrained by this generality.

Finally, Defendants argue that Plaintiff's motion is "dilatory" and "all-too-perfunctory."   There is nothing *dilatory* about trimming the issues on which the parties must conduct discovery.   There is nothing *perfunctory* about streamlining the all-too-often lengthy judicial process in straightforward cases.   Indeed, by bringing this Motion, Plaintiff seeks to conserve judicial resources.   "The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues."[26]   By narrowing the issues to be litigated at trial, Plaintiff seeks to make the best use of judicial resources.

**D.   Defendants Fail to Support Their Affirmative Defenses**

As will be discussed in more detail below, Defendants fail to offer even a modicum of support for any of their affirmative defenses.   Moreover, most of the "affirmative defenses" pled by Defendants are not affirmative defenses at all.   An affirmative defense is an "assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true."[27]   The test is whether the affirmative defense would "bar to the right of recovery even if the general complaint were more or less admitted to."[28]   Most of Defendants' claimed

---

[23]   *Id. citing* a previous Order by the Court.  Although the Court denied plaintiff's instant motion to strike affirmative defenses because defendants had amended their affirmative defenses to plead with specificity, it had previously granted plaintiff's motion to strike affirmative defenses.

[24]   2009 U.S. Dist. LEXIS 99538 (N.D. Cal. Oct. 26, 2009) (Alsup, J.).

[25]   *Id.* at *22-23.

[26]   *Barnes v. AT&T Pension Benefit Plan*, 2010 U.S. Dist. LEXIS 62515 (N.D. Cal. June 21, 2010) (Patel, J.), *citing Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

[27]   *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003), *citing* Black's Law Dictionary 430 (7th ed. 1999) *and Wolf v. Reliance Std. Life Ins. Co.*, 71 F.3d 444, 449 (1st Cir. 1995).

[28]   Weil and Brown, FEDERAL CIVIL PROCEDURE BEFORE TRIAL (The Rutter Group 2010) ¶ 8:1005, *quoting Wolf v. Reliance Std. Life Ins. Co.*, 71 F.3d 444, 449 (1st Cir. 1995).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES          Case No. CV10-00993-TEH-MEJ

affirmative defenses fail this simple test.   What's more, under the FDCPA there are only three recognized affirmative defenses.

### E.   The FDCPA Allows Only Those Defenses Set Forth in Statute

In this case, some of the defenses raised relate to the claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  Since this is a federal statutory cause of action, the defenses are limited to those set out in the statute itself.[29]  Moreover, the FDCPA is a strict liability statute.[30]  In an FDCPA case, there are only three defenses under § 1692k(c)-(e):

- statute of limitations,
- reliance on an FTC advisory opinion, and
- bona fide error.

Since Defendants plead only bona fide error, the other two enumerated defenses are waived.  As to its bona fide error defense, Defendants have not pled facts to properly support its pleading.   The Court may strike from defendant's answer any "insufficient defense"[31] so as to streamline the ultimate resolution of the case and avoid the waste of time and money involve in litigating spurious issues, by eliminating those issues early on.[32]  Defendants have not pled bona fide error sufficiently so as to give the plaintiff fair notice of the nature of the defense.[33]

Defendants allege as their Ninth Affirmative Defense:

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that any alleged violation of the FDCPA or the RFDCPA, which Defendants deny occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.  The alleged violations and/or causes of action asserted by the plaintiff were or are the result of a bona fide mistake.

---

[29]  *Howlett v. Rose*, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law."); see also *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232 (4th Cir. 2007) ("To insist that some unarticulated, common law immunity survived the creation of the FDCPA would be to fail to give effect to the scope of the immunity articulated in the text").

[30]  *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1175 (9th Cir. 2006);  *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2nd Cir. 1996).

[31]  Fed. R. Civ. P. 12(f).

[32]  *Kelley v. Thomas Solvent Co.*, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989).

[33]  *Accord Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)

---

REPLY MEMORANDUM OF POINTS AND AUTHORITIES        Case No. CV10-00993-TEH-MEJ

1    While the Defendants have accurately parroted the language of §1692k(c), they have not offered

2 any facts to support this legal theory.  Rather, they merely assert that they are entitled to this affirmative

3 defense.  Defendants' Answer does not reference 15 U.S.C. § 1692k(c) whatsoever.  But even if

4 Defendants did reference the statutory provision as part of their Ninth Affirmative Defense, there would

5 still be no "factual basis" to support the defense.

6    If the bona fide error defense is to have any meaning in the context of a strict liability statute,

7 then a showing of "procedures reasonably adapted to avoid any such error" must require more than a

8 mere conclusory assertion to that effect.  The procedures themselves must be explained, along with the

9 manner in which they were adapted to avoid the error.  Only then is the mistake entitled to be treated as

10 one made in good faith.

11    The bona fide error affirmative defense should be stricken because it does not contain a short

12 and plain statement of any facts supporting the defense, as required by Fed. R. Civ. P. 8 and 9.  Even

13 before *Iqbal*, this result was reached in FDCPA cases:

> Because the defense at issue deals with an alleged "mistake" -- a "bona fide error" in the
> statutory parlance -- Defendant is obligated to comply with both Fed. R. Civ. P. 8 and
> 9(b).  The standard under Rule 9(b) requires parties to state the circumstances of a
> mistake with "particularity."[34]

Affirmative "defenses which amount to nothing more than mere conclusions of law and are not

warranted by any asserted facts have no efficacy."[35]

   The conclusory assertion of bona fide error, devoid of any facts, does not comply with the

particularity requirement of Fed. R. Civ. P. 9(b), which mandates that, "In all averments of . . . mistake,

the circumstances constituting . . . mistake shall be stated with particularity."  Defendants have not

described how any mistake (error) occurred.  The Rule requires particularity, not bald conclusory

---

[34] *Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 U.S. Dist. LEXIS 40685 (N.D. Ill. May 14, 2008); see also, *Bradshaw v. Hilco Receivables*, LLC, 2010 U.S. Dist. LEXIS 75553 (D. Md. July 27, 2010) (striking bona fide error defense that was not plead with particularity as required by Fed. R. Civ. P. 9(b)).
[35] *National Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES          Case No. CV10-00993-TEH-MEJ

assertions.  "Particularity" as used in Rule 9(b) means "the who, what, when, where, and how of the mistake: the first paragraph of any newspaper story."[36]

Pursuant to *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[37]  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[38]

**F.  The Remainder of Defendants' Affirmative Defenses Should be Stricken Because They are Not Actually Defenses and/or Lack Factual Support**

Other than the above-referenced bona fide error defense, Defendants offer twenty (20) additional affirmative defenses which are not properly pleaded and have no basis in fact.  Moreover, most of these claimed "affirmative defenses" are not affirmative defenses at all.  Pursuant to Rule 12(f), the Court may strike those affirmative defenses which are "immaterial" or "impertinent."  "A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded.  A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case."[39]  Each of the remainder of Defendants' affirmative defenses fall into this immaterial/impertinent category.  Each will be discussed individually below.

**1.  First and Fourteenth Affirmative Defenses: Plaintiff's Complaint fails to state facts sufficient to constitute a valid claim for relief against these answering Defendants.**

"Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case."[40]

Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case.  Therefore,

---

[36]  *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997); *Konewko vs. Dickler, Kahn, Sloikowsi & Zavell, Ltd.*, 2008 U.S. Dist LEXIS 40685 (N.D. Ill. May 4, 2008) (bona fide error defense stricken for lack of particularity).
[37]  129 S. Ct. 1937, 1949.
[38]  *Id*.
[39]  *Barnes v. AT&T Pension Benefit Plan*, 2010 U.S. Dist. LEXIS 62515 at *5 (N.D. Cal. June 21, 2010) (Patel, J.) (internal citations omitted), *citing Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).
[40]  *Barnes v. AT&T Pension Benefit Plan - Nonbargained Program*, 2010 U.S. Dist. LEXIS 62515 at *18 (N.D. Cal. June 22, 2010) (Patel, J.).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES          Case No. CV10-00993-TEH-MEJ

it is not properly asserted as an affirmative defense.[41]

Because "failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense"[42] it should be stricken from Defendants' Answer.

Moreover, Defendants' claim of "no actual case or controversy, or justiciable issues" is likewise a disguised attempt at a 12(b)(6) motion. As such, its Fourteenth Affirmative Defense should likewise be stricken.

### 2. <u>Second Affirmative Defense: Action is barred by the mandatory arbitration procedures.</u>

Defendants assert that "this action is barred by the mandatory arbitration procedures to which Plaintiff agreed in contract(s) with HSBC and/or its predecessor(s) or successor(s) in interest. Defendants reserve the right to compel arbitration in this matter." However, Defendants offer the Court and the Plaintiff no factual basis whatsoever for this assertion. Defendants must provide the language of the alleged contract as well as providing the alleged contract with proof that USHER signed and is bound by same. Without such a showing of basic facts, Defendants are not entitled to the defense as a matter of law pursuant to *Iqbal* and *Twombly*.

Plaintiff is entirely unable to prepare a response to such a vague affirmative defense. It should be stricken.

### 3. <u>Third Affirmative Defense through Ninth Affirmative Defense, Eleventh Affirmative Defense</u>

These "Affirmative Defenses" are not a defense at all. "A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense."[43] "Such a defense is merely rebuttal against the evidence presented by the plaintiff. . . . Thus, it is curious that defendant asserts as affirmative defenses that which it need not

---

[41] *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).
[42] *Barnes v. AT&T Pension Benefit Plan - Nonbargained Program*, 2010 U.S. Dist. LEXIS 62515 at *18 (N.D. Cal. June 22, 2010) (Patel, J.).
[43] *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES        Case No. CV10-00993-TEH-MEJ

prove."[44]   Because these so-called affirmative defenses are not an "assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true,"[45] these allegations can not be pled as an affirmative defenses and should be stricken.

### 4. Twelfth and Fifteenth through Twenty-First Affirmative Defenses

These "Affirmative Defenses" are not an affirmative defenses at all.   Perhaps in opposition to a motion for class certification these legal arguments would be appropriate.   However, at this time there is no pending motion for class certification.   These affirmative defenses are not defenses to the claims set forth in USHER's Complaint.

Moreover, even if these were proper affirmative defenses, Defendants make no attempt to support its assertions with facts.   As already discussed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[46]   These allegations should not be pled as affirmative defenses and should be stricken.

### 5. Thirteenth Affirmative Defense: Claims of Plaintiff are moot, as Defendants discontinued the privacy notice alleged in the Complaint

Even if it were a valid affirmative defense, it is not applicable in this case.   USHER has not sought any injunctive relief regarding Defendants' continued use of the offending privacy notice in this case, nor could he.[47]   If USHER had sought an injunction, then perhaps his claim could be mooted by Defendants' discontinued use of the offending collection notice.   Simply put, USHER's claims stem from Defendants' prior use of the offending privacy notice.   Whether or not Defendants continue to use subject privacy notice is not a defense to USHER's claims that past use of the collection notice violates

---

[44] *Barnes v. AT&T Pension Benefit Plan - Nonbargained Program*, 2010 U.S. Dist. LEXIS 62515 at *16 (N.D. Cal. June 22, 2010) (Patel, J.).

[45] *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003), *citing* Black's Law Dictionary 430 (7th ed. 1999) *and Wolf v. Reliance Std. Life Ins. Co.*, 71 F.3d 444, 449 (1st Cir. 1995).

[46] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[47] *Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313 (N.D. Ill. 1995); *See also, Labbate-D'Alauro v. GC Servs. Ltd. P'ship*, 168 F.R.D. 451 (E.D.N.Y. 1996).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES          Case No. CV10-00993-TEH-MEJ

various consumer protection laws.  This affirmative defense should be stricken.

## CONCLUSION

The Defendants attempt to mire the Plaintiff in a pleading morass by asserting affirmative defenses that have no factual support or applicability to this case.  Because Defendants are not exempt from having to meet notice pleading standards in asserting affirmative defenses, and because Defendants have failed to meet the standards, the Court should not permit the unsupported affirmative defenses to stand.

THEREFORE, for the reasons stated in his Memorandum of Points and Authorities in Support of Motion to Strike Affirmative Defenses (Doc. 16) as well as the foregoing reasons, Plaintiff requests this Court grant Plaintiff's motion to strike Defendants' First through Twenty-First Affirmative Defenses on pages 7-11 in Defendants' Answer (Doc. 6) on the ground that the defenses are not plead with sufficient particularity to provide Plaintiff with "fair" notice of the defenses being advanced and the pleadings fail to raise the alleged defenses beyond the speculative level.

CONSUMER LAW CENTER, INC.

Dated:  November 30, 2010                    By: /s/ Fred W. Schwinn
                                                  Fred W. Schwinn, Esq.
                                                  Attorney for Plaintiff
                                                  LONNIE LESS USHER

REPLY MEMORANDUM OF POINTS AND AUTHORITIES        Case No. CV10-00993-TEH-MEJ