Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

O. Randolph Bragg (IL Bar No. 6221983) (Pro Hac Vice)
Craig M. Shapiro (IL Bar No. 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois  60602-1716
Telephone Number: (312) 372-8822
Facsimile Number: (312) 372-1673
Email Address: rand@horwitzlaw.com

Attorneys for Plaintiff
LONNIE LESS USHER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| LONNIE LESS USHER, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; and MIDLAND FUNDING, LLC, a Delaware limited liability company,<br><br>　　　　　　　　　　Defendants. | Case No. CV10-03536-SBA-LB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　December 14, 2010<br>Time:　　1:00 p.m.<br>Judge:　　Honorable Saundra Brown Armstrong<br>Courtroom:　1, 4th Floor<br>Place:　　1301 Clay Street<br>　　　　　Oakland, California |

　　　The parties in the above-entitled action hereby submit this Joint Case Management Statement for the initial case management conference to be conducted in this matter on December 14, 2010, at 1:00 p.m.

/ / /

/ / /

### 1. Jurisdiction and Service

#### a. Plaintiff's Statement

The basis for the Court's subject matter jurisdiction is federal question jurisdiction. No parties remain to be served.

#### b. Defendants' Statement

This case is subject to mandatory arbitration under the HSBC Cardmember Agreement and Disclosure Statement (the "HSBC Cardholder Agreement"). Therefore, this case must be arbitrated in accordance with the HSBC Cardholder Agreement, and Plaintiff is barred from pursuing, in this Court, the claims alleged in the Complaint. Defendants soon shall be filing a Petition to Compel Arbitration.

### 2. Statement of Facts

#### a. Plaintiff's Statement

This is a class action case brought by an individual consumer, on behalf of himself and all others similarly situated, to address Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA"). The violations stem from Defendants' communications attempting to collect a consumer debt from Plaintiff. Correspondence between the parties has been attached to the Complaint as exhibits.

Generally, Plaintiff is alleged to have owed a consumer debt which was placed, assigned or otherwise transferred to Defendant for collection from Plaintiff. Thereafter, Defendants sent a collection letter to Plaintiff in an attempt to collect the debt. Defendants' collection letter includes a section entitled "PRIVACY NOTICE" containing a statement that it may "disclose nonpublic personal information" with third parties as "permitted by law," in violation of 15 U.S.C. §§ 1692c, 1692e,

1692e(5) and 1692e(10).[1]

Plaintiff brings this action on behalf of a class of all other persons similarly situated. Plaintiff tentatively defines the class as (i) all persons with addresses in California (ii) to whom Defendants sent, or caused to be sent, a letter in the form of Exhibit "1" containing a section entitled "PRIVACY NOTICE" (iii) in an attempt to collect an alleged debt originally owed to HSBC Bank (iv) which was primarily for personal, family, or household purposes (as shown by Defendants' records or the records of the original creditor), (v) which were not returned undeliverable by the U.S. Post Office (vi) during the period one year prior to the date of filing this action through the date of class certification.

Plaintiff contends that the classes are so numerous that joinder of all members is impractical. On information and belief, collection letters in the form of Exhibit "1" have been sent to hundreds of California class members.

### b. Defendants' Statement

Plaintiff Lonnie Lee Usher at one time held a credit card account with HSBC. His HSBC credit card account was and is governed by the HSBC Cardmember Agreement. Plaintiff's HSBC credit card account subsequently was sold or transferred in succession to other entities. In August 2009, Midland Funding purchased Plaintiff's account from one of those successor entities, Atlantic Credit & Finance Special Finance Unit, LLC ("Atlantic Credit"). The terms and conditions of the HSBC Cardmember Agreement to which Plaintiff is bound, survive the transfers to the successor account owners, including Midland.

Defendants, Midland Credit Management, Inc. ("Midland Credit") and Midland Funding, Inc. LLC ("Midland Funding") (collectively, "Defendants" or "Midland") deny Plaintiff's charging allegations, and in particular, that they have committed any violation of the Fair Debt Collections Practices Act, 15. U.S.C. § 1692, et seq. ("FDCPA") or the Rosenthal Fair Debt Collection Practices

---

[1] See *Ruth v. Triumph Partnerships*, 577 F.3d 790, 801 (7th Cir. 2009).

Act, California Civil Code §§ 1788-1788.33 ("RFDCPA"). The mailing of the Privacy Notice at issue in this proceeding does not constitute a "debt collection activity" within the meaning of the FDCPA or the RFDCPA. To the contrary, the subject Privacy Notice merely apprises Plaintiff that certain information about him may be disclosed "*as required or permitted by law.*" The same Privacy Notice further states that "we [Midland] will not disclose your nonpublic personal information to nonaffiliated third parties except as permitted by California law." Contrary to Plaintiff's allegations, nothing in or about this Privacy Notice constitutes a "threat." It is neither "false," "deceptive," nor "misleading." Its plain intent is to advise Plaintiff of his rights and his protections under California law. Plaintiff's proffered construction of this document distorts its plain language and meaning. No court in the Ninth Circuit has ruled that this or similar privacy notices violate the FDCPA or RFDCPA, or otherwise are contrary to law.

As a threshold matter, this Court is not an appropriate forum to adjudicate this dispute because Plaintiff's claims are subject to and encompassed by a mandatory arbitration provision in his HSBC Cardmember Agreement, the terms and conditions of which still govern his credit card account now owned by Midland Funding. The HSBC Cardmember Agreement expressly provides, *inter alia*, (1) that Plaintiff agreed that any claim, dispute or controversy arising from his credit card account is to be resolved through arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. Sections 1-16 (the "FAA"), and (2) that no representative or class actions may be brought in such an arbitration. This arbitration provision, including its class action waiver, is valid and enforceable under federal, Nevada and California law.[2] The mandatory arbitration provisions and class action waiver of Plaintiff's HSBC Cardmember Agreement bar his prosecution in this judicial forum of the claims asserted in this action. Defendants have asserted this mandatory arbitration bar as an Affirmative Defense in their Answer.

---

[2] See, e.g., *Cardenas v. AmeriCredit Financial Services, Inc.*, No. C 09-04978, 2010 U.S. Dist. LEXIS 101669, **20-21 (Armstrong, J.).

While reserving all rights arising from this mandatory arbitration provision, including its class action waiver, Defendants deny that this case may be properly certified as a class action under Fed. R. Civ. P. 23. There is now pending in the United States District Court for the Southern District of California another, prior-filed action, *Bellows v. Midland Credit Management, Inc. and Midland Funding, LLC*, Case No. 09 CV 1951 LAB WMC, which involves the same defendants, a similar Privacy Notice allegedly sent to California residents, and an overlap in the putative classes alleged in the respective actions. In *Bellows*, Midland has filed a petition to compel arbitration based upon the same HSBC Cardmember Agreement that pertains to Mr. Usher's claims in this case. That petition for arbitration is still pending. All other proceedings in the *Bellows* case have been stayed pending the outcome of Midland's Petition for Arbitration.

The Privacy Notice allegedly sent to Mr. Usher was discontinued in September 2009, slightly more than a month into the alleged class period.

To avoid unnecessary duplication, waste, the risk of inconsistent results, and adverse *res judicata*/collateral estoppel consequences, this action should be stayed pending the outcome of the prior-filed *Bellows* case.

**3.     Legal Issues**

   **a.     Plaintiff's Statement**

The common questions to the classes include::

   a.  Whether Defendants are "debt collectors" within the meaning of the FDCPA and RFDCPA;

   b.  Whether the financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA;

   c.  Whether the financial obligation alleged to be owed by Plaintiff is a "consumer debt"

as that term is defined by the RFDCPA;

    d.  Whether Defendants sent Plaintiff a letter in the form of Exhibit "1", which falsely, deceptively and misleadingly misrepresents Plaintiff's rights under 15 U.S.C. § 1692c; and

    e.  Whether Defendants threatened to take action that cannot legally be taken or that is not intended to be taken.

The principal legal issues which the parties dispute:

    a.  Whether Plaintiff is a "consumer" as that term is defined by the FDCPA;

    b.  Whether Plaintiff is a "debtor" as that term is defined by the RFDCPA;

    c.  Whether Defendants are "debt collectors" within the meaning of the FDCPA and RFDCPA;

    d.  Whether the financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA;

    e.  Whether the financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA;

    f.  Whether Defendants sent Plaintiff a letter in the form of Exhibit "1", which falsely, deceptively and misleadingly misrepresents Plaintiff's rights under 15 U.S.C. § 1692c; and

    g.  Whether Defendants threatened to take action that cannot legally be taken or that is not intended to be taken.

    **b.**    **Defendants' Statement**

Defendants deny that there exist "common questions to the classes" as contended by Plaintiff. In addition to the class action waiver set forth in the governing mandatory arbitration provisions, if a

motion for class certification were filed, Plaintiff could not meet his burdens under Fed. R. Civ. P. 23 for certifying a class. Among other reasons, class certification in this case would be inappropriate because: Plaintiff's claims are not typical of those of the class of individuals he seeks to represent; individualized questions of fact predominate over any common questions; permitting this case to proceed as a class action stands to conflict with and produce inconsistent results with the prior-filed *Bellows* case; and in general, Plaintiff cannot show that a class action is a superior method of adjudicating this controversy.

Legal issues in dispute with respect to Mr. Usher's alleged claims include:

a. Whether Plaintiff's claims in this action are barred by the mandatory arbitration provisions of his HSBC Cardmember Agreement, including that Agreement's class action waiver;

b. Whether the Privacy Notice at issue constitutes a debt collection activity;

c. Whether the mailing of the subject Privacy Notice constitutes an actionable violation of the FDCPA;

d. Whether the mailing of the Privacy Notice at issue constitutes an actionable violation of the RFDCPA;

e. Whether the subject Privacy Notice contains any false, deceptive or misleading statements or content;

f. Whether any alleged false, deceptive or misleading statement in the subject Privacy Notice was material; and

g. Whether Plaintiff was in fact misled or deceived by the subject Privacy Notice.

**4.     Motions**

Plaintiff has filed a Motion to Strike certain affirmative defenses asserted by Defendants, which

Defendants have opposed. Plaintiff's Motion will be heard on December 7, 2010. Plaintiff also expects to file a Motion for Class Certification. Additionally, Plaintiff will likely file a motion or motions for summary judgment or partial summary judgment.

Defendants expect to file: a Motion to Compel Arbitration, a Motion to Stay Pending Outcome of Prior-Filed Action, and a Motion for Summary Judgment or Partial Summary Judgment.

**5.     Amendment of Pleadings**

At this time, Plaintiff does not anticipate amending the Complaint. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint should Plaintiff discover additional facts or claims.

**6.     Evidence Preservation**

Plaintiff and Defendant will preserve relevant evidence, including electronic documents, consistent with the requirements of the Federal rules of Civil Procedure.

**7.     Disclosures**

   **a.     Plaintiff's Statement**

Plaintiff served formal written disclosures on November 29, 2010, as required by Fed. R. Civ. P. 26(a)(1).

   **b.     Defendant's Statement**

Defendant shall make appropriate disclosures as directed by the Arbitrator or, if the matter is not referred to arbitration, as directed by the Court in a subsequent Case Management Order.

**8.     Discovery**

   **a.     Plaintiff's Discovery:** Plaintiff will serve Requests for Admissions, Interrogatories and Requests for Production of Documents shortly. At this time and without the benefit of Defendants' initial disclosures, Plaintiff anticipates that he may require up to 10 depositions in this

matter.

  b.  **Defendants' Discovery:**

Defendants anticipate that in accordance with applicable Arbitration Rules, they will serve written discovery and take the depositions of Plaintiff and any designated experts.

**9.  Class Actions**

  a.  **Plaintiff's Statement**

This case is a class action. Plaintiff brings this action on behalf of a class of all other persons similarly situated. Plaintiff tentatively defines the class as (i) all persons with addresses in California (ii) to whom Defendants sent, or caused to be sent, a letter in the form of Exhibit "1" containing a section entitled "PRIVACY NOTICE" (iii) in an attempt to collect an alleged debt originally owed to HSBC Bank (iv) which was primarily for personal, family, or household purposes (as shown by Defendants' records or the records of the original creditor), (v) which were not returned undeliverable by the U.S. Post Office (vi) during the period one year prior to the date of filing this action through the date of class certification.

Plaintiff contends that the class is so numerous that joinder of all members is impractical. On information and belief, collection letters in the form of Exhibit "1" have been sent to hundreds of California class members.

  b.  **Defendant's Statement**

Defendants deny that this case may proceed as a class action. Plaintiff's Cardmember Agreement with HSBC, which Midland Funding purchased, contains a mandatory arbitration provision in which Plaintiff expressly waived the bringing of class actions. This arbitration provision, including its class action waiver, is valid and enforceable under federal arbitration law and, if it is determined that state law (Nevada or California) were to apply, those laws as well.

Defendants further assert that if Plaintiff were permitted to prosecute this action in this Court, and file a motion for class certification, he could not meet the requirements for certification set forth in Fed. R. Civ. P. 23. (See Section 2.b., above.)

**10. Related Cases**

Plaintiff is not aware of any related cases at this time.

Defendant is aware of a related case pending in the United States District Court for the Southern District of California, *Bellows v. Midland Credit Management, et al.*, Case No. 09 CV 1951 LAB WMC.

**11. Relief**

**a. Plaintiff's Statement**

Plaintiff requests that this Court:

i. Certify this litigation to proceed as a class action;

ii. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c, 1692e, 1692e(5) and 1692e(10);

iii. Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

iv. Award Plaintiff and the class members statutory damages in pursuant to 15 U.S.C. § 1692k(a)(2) and Cal. Civil Code § 1788.17;

v. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1788.17; and

vi. Award Plaintiff such other and further relief as may be just and proper.

**b. Defendants' Statement**

Defendants seek an Order, following motion, (1) referring this case to Arbitration and (2)

staying this action pending the resolution of the prior-filed, parallel *Bellows* case.

Defendants assert that Plaintiff, and any putative class member, are not entitled to any recovery in this action. Defendants seek an Order dismissing the case with prejudice, awarding Defendants the costs of suit and reasonable attorneys' fees, and such action other and further relief as the Arbitrator (or the Court) may deem just and appropriate.

**12.    Settlement and ADR**

The parties have stipulated to mediation and have filed the appropriate ADR stipulation.

**13.    Consent to Magistrate Judge for All Purposes**

The Parties have not consented to a Magistrate Judge for all purposes.

**14.    Other References**

None at this time.

**15.    Narrowing of Issues**

The Parties anticipate that discovery may narrow the issues for determination.

**16.    Expedited Schedule**

The parties do not believe that an expedited schedule is necessary.

**17.    Scheduling**

   **a.    Plaintiff's Statement**

| | |
|---|---|
| Initial Case Management Conference | 12/14/10 |
| Fed. R. Civ. P. 26(a)(2) Disclosures | January 31, 2011 |
| Deadline to file Motion for Class Certification | June 30, 2011 |
| Close of Fact Discovery | August 31, 2011 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | September 14, 2011 |
| Counter Expert Designations | October 14, 2011 |
| Close Expert Discovery | November 7, 2011 |
| Last Day to File Dispositive Motions | January 3, 2012 |
| Opposition to Dispositive Motions | January 17, 2012 |

| | |
|---|---|
| Replies to Dispositive Motions | January 24, 2012 |
| Hearing on Dispositive Motions | February 7, 2012 |
| Final Pre-Trial Conference | To be set. |
| Jury Trial | To be set. |

    **b.**    **Defendants' Statement**

Defendants assert that no Scheduling Order, including a discovery and briefing schedule, should be issued pending the Court's ruling on Defendants' forthcoming Petition to Compel Arbitration/Motion to Stay. Defendants further believe that if any class proceedings were to be entertained, any discovery order should include a bifurcation as between (1) matters relevant to Plaintiff's individual claims and the certifiability of the putative class [Phase I] and (2) class discovery – if and only if a class were certified [Phase II].

**18.**    **Jury Trial**

Plaintiff anticipates that the action can be ready for trial in April 2012. Estimated length of trial is 5-7 days.

Defendants believe that the action can be ready for arbitration of Usher's individual claims by January 2012.

**19.**    **Disclosure of Non-Party Interested Entities or Persons**

    **a.**    **Plaintiff's Statement**

Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    i.    Lonnie Less Usher, an individual residing in Oakland, California.

JOINT CASE MANAGEMENT STATEMENT      Case No. CV10-03536-SBA-LB

**b.     Defendants' Statement**

Pursuant to Civil L.R. 3-16, Defendants state, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

      i.     Midland Credit Management, Inc.

      ii.    Midland Funding, LLC

**20.    Other Matters**

None at this time

oo0oo

| | | |
|---|---|---|
| 1 | Dated: December 1, 2010 | CONSUMER LAW CENTER, INC. |
| 2 | | |
| 3 | | By: /s/ Fred W. Schwinn |
| | | Fred W. Schwinn (SBN 225575) |
| 4 | | CONSUMER LAW CENTER, INC. |
| | | 12 South First Street, Suite 1014 |
| 5 | | San Jose, California  95113-2418 |
| | | Telephone Number: (408) 294-6100 |
| 6 | | Facsimile Number: (408) 294-6190 |
| 7 | | Email Address: fred.schwinn@sjconsumerlaw.com |
| 8 | | Attorney for Plaintiff |
| 9 | | LONNIE LESS USHER |
| 10 | | |
| 11 | Dated: December 1, 2010 | GORDON & REES LLP |
| 12 | | |
| | | By: /s/ Brian P. Maschler |
| 13 | | Brian P. Maschler (SBN 111824) |
| | | GORDON & REES LLP |
| 14 | | 275 Battery Street, Suite 2000 |
| | | San Francisco, CA 94111 |
| 15 | | Telephone: (415) 986-5900 |
| 16 | | Facsimile: (415) 986-8054 |
| 17 | | Attorneys for Defendants |
| 18 | | MIDLAND CREDIT MANAGEMENT, INC., & MIDLAND FUNDING, LLC |

- 14 -

JOINT CASE MANAGEMENT STATEMENT                    Case No. CV10-03536-SBA-LB