UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LONNIE LESS USHER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation; and MIDLAND FUNDING, LLC, a Delaware limited liability company,<br><br>    Defendants. | Case No: C 10-03536 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

    The parties are presently before the Court on Plaintiff's Motion to Strike Affirmative Defenses, pursuant to Federal Rule of Civil Procedure 12(f).[1]  Under Rule 12(f), the Court has the discretion to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  "Striking a party's pleading, however, is an extreme and disfavored measure."  BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007).

---

[1] The Court notes that in her briefs, Plaintiff has set forth all of her citations in footnotes.  In all future submissions to the Court, Plaintiff shall refrain from this practice.  The parties also are advised to provide Westlaw citations for unpublished dispositions.

The crux of Plaintiff's motion is that Defendants have not pled their affirmative defenses with the requisite factual specificity as set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937 (2009).  Both of these Supreme Court decisions specifically addressed the "question of what a plaintiff must plead in order to state a claim" in order to comport with Federal Rule of Civil Procedure 8(a)(2). Twombly, 550 U.S. at 556; see also Iqbal, 129 S.Ct. at 1949.  Neither the Ninth Circuit nor any circuit has reached the issue of whether Twombly and Iqbal apply to pleading affirmative defenses, which is governed by Rule 8(c).  Nonetheless, for the reasons that follow, the Court finds that Plaintiff's arguments lack merit.

Rule 8(a)(2), which is entitled "Claim for Relief," states, in relevant part, that "[a] pleading that states a claim for relief must contain … [¶] … a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed.R.Civ.P. 8(a)(2).  Both Twombly and Iqbal hold that to satisfy this requirement, the complaint must allege facts sufficient to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555 (internal quotations and citation omitted); accord Iqbal, 129 S.Ct. at 1961.  In particular, the pleader must allege enough facts to show that a claim is "plausible on its face," Twombly, 550 U.S. at 570, and not simply rely on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," id. at 555.

In contrast, the pleading of affirmative defenses is governed by Rule 8(c), which provides as follows:

> **(c) Affirmative Defenses.**
> **(1) In General.**
> In responding to a pleading, a party must affirmatively <u>state</u> any avoidance or affirmative defense, including:
>
> • accord and satisfaction;
> • arbitration and award;
> • assumption of risk;
> • contributory negligence;
> • duress;

- estoppel;
- failure of consideration;
- fraud;
- illegality;
- injury by fellow servant;
- laches;
- license;
- payment;
- release;
- res judicata;
- statute of frauds;
- statute of limitations; and
- waiver.

Fed.R.Civ.P 8(c) (emphasis added).  Unlike Rule 8(a), there is no requirement in Rule 8(c) that the party alleging an affirmative defense provide "a short and plain statement of the claim showing the pleader is entitled to relief[.]"  Fed.R.Civ.P. 8(a)(2).  Rather, the party asserting an affirmative defense need only "state" the affirmative defense, as identified in a list of common affirmative defenses.  Accordingly, the Court is of the view that the pleading standards enunciated in Twombly and Ashcroft have no application to affirmative defenses pled under Rule 8(c).[2]  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Strike Affirmative Defenses is DENIED.  Pursuant to Civil Local Rule 7-1(b), the Court resolves this motion without oral argument, and hereby vacates the hearing scheduled for December 14, 2010.

2. The Case Management Conference currently scheduled for December 14, 2010 is CONTINUED to **December 15, 2010 at 3:15 p.m.**  Plaintiff shall be responsible for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

---

[2] Defendants have complied with Rule 8(c) by stating each of their affirmative defenses.  In her reply, Plaintiff raises a number of new arguments that were not presented in her moving papers.  A "district court need not consider arguments raised for the first time in a reply brief."  Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007).

3. This Order terminates Docket 11.

IT IS SO ORDERED.

Dated: December 3, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge